UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,    CASE NO. 11-cr-20704

        Plaintiff,    HONORABLE SEAN F. COX

v.

D-2    RAHIM BERRY,

        Defendant.
_____/

**ORDER REGARDING COMPETENCY AND CRIMINAL RESPONSIBILITY
AND DETERMINING EXCLUDABLE DELAY**

On December 6, 2011, defendant Rahim Berry asked this Court to order his pretrial psychiatric or psychological evaluation, pursuant to 18 U.S.C. §§ 4241 through 4247 and Rule 12.2(c)(1)(A), Fed. R. Crim. P., to determine whether he might be presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial, or unable to appreciate the wrongful nature of the charged conduct.  Defendant Berry also asserted that he might rely on an insanity defense, should this matter proceed to trial.  Without objection from the government, on December 12, 2011, the Court granted the defendant's motion, and ordered a custodial evaluation of the defendant.

Defendant Berry was evaluated for competency and for criminal responsibility at the Federal Bureau of Prisons Metropolitan Corrections Center in New York City, New York.  On February 9, 2012, the written reports of Forensic Psychologist William J. Ryan, Ph.D., which had been reviewed by Chief Psychologist Elissa R. Miller, Psy.D., were submitted to the Court and subsequently shared with counsel for the parties.

On March 19, 2012, defendant Berry and counsel for both parties appeared at a hearing on these issues. The government offered the Competency to Stand Trial Evaluation as Exhibit 1, and the Criminal Responsibility Evaluation as Exhibit 2; the defense did not object, and the Court received the reports into evidence. No other exhibits were offered, nor were any witnesses called to testify.

Having considered the positions of the parties and the professional evaluations that were offered and received, **THIS COURT FINDS:**

> **First,** defendant Rahim Berry is competent to stand trial; and
>
> **Second,** defendant Rahim Berry is criminally responsible.

**FURTHER, THIS COURT FINDS** that the time between the defendant's motion on December 6, 2011, and this date, shall be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(F), (h)(1)(J).

Dated: March 20, 2012
S/ Sean F. Cox
Sean F. Cox
United States District Court Judge

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 20, 2012.

s/Jennifer Hernandez
Case Manager to
District Judge Sean F. Cox