UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                    Criminal Case No. 11-20704

Gerald Bass,                            Honorable Sean F. Cox

    Defendant.
_____/

## **ORDER**

Prior to hearing testimony on August 1, 2012, Defendant challenged the admissibility of the Government's proposed Exhibit Numbers 53 and 53-A, which are a cellular telephone and a photo of same. Defendant asked the Court to preclude the admission of those exhibits because the Government cannot establish a chain of custody for the cellular telephone.

The Court held a hearing on August 1, 2012, at which time the Court heard testimony from Michigan State Trooper Andrew Osborne and heard oral argument from Counsel.

"Chain of custody issues are jury questions and the possibility of a break in the chain of custody of evidence goes to the weight of the evidence, not its admissibility." *United States v. Allen*, 610 F.3d 518, 525 (6th Cir. 2010). Physical evidence, such as the cellular telephone at issue, "is admissible when the possibilities of misidentification or alteration are 'eliminated, not absolutely, but as a matter of reasonable probability.'" *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997) (quoting *United States v. McFadden*, 458 F.2d 440, 441 (6th Cir. 1972)).

Here, the Court concludes that Trooper Osborne's testimony on August 1, 2012, along with the exhibits presented at the hearing, establishes a clear chain of custody that eliminates any

1

reasonable probability of misidentification or alteration.   His testimony was sufficient to establish a foundation for admission of the challenged exhibits.

Accordingly, the Court DENIES Defendant's oral request that the Court preclude the admission of the Government's proposed Exhibit Numbers 53 and 53-A.

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  August 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez  
Case Manager